Floyd A. BISHOP, State Engineer, State of Wyoming, Appellant (Plaintiff below),

v.

CITY OF CASPER, a Wyoming municipality, and J. M. McIntire, Earl R. Johnson, M. Joseph Burke, Donald E. Chapin and Don W. Harris, as members of the Casper Board of Public Utilities of Casper, Wyoming, Appellees (Defendants below).

No. 3521.

Supreme Court of Wyoming.

Dec. 7, 1966.

Dean W. Borthwick, Deputy Atty. Gen., and Thomas E. Cahill, Asst. Atty. Gen., Cheyenne, for appellant.

W. J. Wehrli, Casper, for appellees.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The State Engineer filed a complaint under the provisions of § 41–126(j), W.S. 1957, alleging that William Humborg of Casper had a fourteen-foot well on certain land outside the city limits of Casper, which well, drilled in 1935, did not have a permit, since it was drilled prior to 1947 when one was not required; that in 1961 another well was drilled to a depth of twenty-four feet, it too being without a permit because of an exemption provided by § 41–124, W.S.1957; that the City of Casper had subsequent thereto drilled three wells some 1,100 feet from the Humborg wells, stratigraphically deeper into the same alluvial aquifer and that such wells had withdrawn water and interfered unreasonably with the Humborg well, which by virtue of § 41–124 had a preference; that following investigation, plaintiff had given notice to the Casper Board of Public Utilities under the provisions of § 41–128, W.S.1957, requiring defendants to cease or reduce withdrawals of underground water until the situation was relieved or furnish Humborg with sufficient water for his needs at no expense, and that there had been a refusal of compliance; and prayed that the defendants be required to proceed as requested. To the complaint were attached as exhibits applications for the permits of the Board for the drilling of the mentioned wells, which indicated that they had been completed in 1959 (prior to the Humborg second well) and a copy of the plaintiff's letter, dated June 29, 1964, to the Board, making the demand to cease or reduce the withdrawal of the underground water or in lieu thereof to furnish sufficient water to Humborg for his needs without expense in accordance with the provisions of § 41–128.

Defendants' answer, while containing some admissions, was in essence a general denial of all allegations upon which any relief could be based and asserted principally the failure of the complaint to state a claim. Defendants thereafter filed a "Motion for Judgment on the Pleadings" and following argument judgment granting the motion was entered, from which this appeal has been taken.

The briefs and arguments of the parties allude to numerous aspects of the controversy, including constitutional questions and the basic philosophy which the legislature might properly have considered in providing for the control of underground water and exemptions therefrom. Admittedly, any claimed right arising from the underground water statutes could well give rise to innumerable serious questions in a new field as yet unlitigated in this jurisdiction. Nevertheless, the correctness of the trial court's disposition of this case is so patent that mention need be made only of the fundamental reason for the failure of the complaint to state a claim upon which relief could be granted. Section 41–128, the primary authority under which the plaintiff assumes to act, gives relief only for "an

adequate well," and there is no allegation Humborg's "well" was adequate, and the complaint is accordingly defective. Indeed, the notice given by plaintiff to the Board on June 29, 1964, to cease or reduce the withdrawals referred only to a water level in a Humborg well "22 feet below the top" of the well, clearly indicating that reference to be to the 1961 well, the only one which was that deep. Defendants insist that the plaintiff's pleadings disclose that no adequate well was ever developed by Humborg in 1961, and plaintiff in argument before this court did not effectively refute that argument.

Affirmed.